UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| LILLIAN YVONNE ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-1621 (RCL) |
| ) | |
| LAURETTE USHER *et al.*, ) | |
| ) | |
| Defendants. ) | |

FILED
SEP 17 2012
Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION

In this action filed *pro se* by a District of Columbia resident, plaintiff sues Christy Nichols, Director of House of Ruth located in the District, and Laurette Usher, Program Coordinator, "for deliberate, wanton and intentional violation of plaintiff's civil, constitutional, human rights and common law." Compl. ¶ 1. Plaintiff seeks $2 million in damages. *Id.* ¶ 10. The complaint arises out of plaintiff's stay at House of Ruth's New Pathways Transitional Shelter (hereafter "the Shelter") between March 2006 and September 2008. *Id.* ¶ 2.

Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 5], which plaintiff opposes [Dkt. # 16]. Upon consideration of the parties' submissions, the Court will grant defendants' motion to dismiss the federal claim purportedly brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and will decline to exercise supplemental jurisdiction over plaintiff's claims purportedly brought under District of Columbia law and the common law.

1

## BACKGROUND

Allegedly, plaintiff resided at the Shelter as "a homeless person with a physical and mental disability." Compl. ¶ 2. She lived in a unit for which she was responsible and paid rent and storage fees. *Id.* Plaintiff "was taking a number of different medications," but defendants "disallowed and prevented [her] from hold[ing] or controlling any of her prescribed medications [and] over the counter medications. Each pill was distributed by an unlicensed House of Ruth staff member." *Id.* ¶ 4. Due to staff delays and the Shelter's limited hours, plaintiff "was sometimes unable to access her medications" and take them as scheduled and "oft times . . . would be sick throughout the day . . . ." *Id.*

Plaintiff further alleges that "defendants would compel [her] to remove herself from the premises during the day [between 8:30 a.m. and 4:30 p.m.] unless a hyperthermia alert existed" and, as a result, she "developed a serious and indescribable amount of pain and suffering from arthritis," *id.* ¶ 6; that when she was late entering the Shelter "one time," she was forced to sleep on a cot in the Shelter's basement for approximately one month, which "resulted in retina damage[] and possible glaucoma" due to her "[s]leeping in darkness without sunlight," *id.* ¶ 7; and that she "endured very negative experiences with defendants Usher and Nichols and other staff members," which included the television being turned off while she and other tenants were watching and Usher having "offered to fight plaintiff while on duty from 2006 to 2008" and making derogatory and disparaging remarks to her and other tenants with mental illnesses, *id.* ¶ 8.

Plaintiff filed this action on September 8, 2011, claiming that defendants "are in violation of regulations governing the distribution of prescription drugs as well as the [ADA]." Compl. ¶ 5. Plaintiff also claims that she "was entitled to the protections of the Rental Housing Act and

common law tenancy protections, as well as the . . . Homeless Reform Act and civil rights laws." *Id.* ¶ 3.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss is appropriate when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a failure occurs when the complaint is so factually deficient that the plaintiff's claim for relief is not plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Asking for plausible grounds to infer [a right to relief] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the right to relief]." *Id.* at 556. Though facts in a complaint need not be detailed, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all factual statements as true when deciding a Rule 12(b)(6) motion to dismiss. *Id.* at 678. However, conclusory legal allegations devoid of any factual support do not enjoy the same assumption of truth. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, a *pro se* plaintiff's complaint "must present a claim on which the Court can grant relief." *Utterback v. Geithner*, 754 F. Supp. 2d 52, 54 (D.D.C. 2010) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002)).

## DISCUSSION

The Court finds dismissal warranted for the following reasons. First, defendants argue correctly that since individuals are not subject to suit under the ADA, the federal claim must be dismissed. *See Mwabiri-Simera v. Howard University*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010). Second, plaintiff has not alleged that the House of Ruth is an entity covered by the ADA, and its website identifying it as a 501(c)(3) tax-exempt organization, http://www.houseofruth.org., suggests that it is not. *See* 42 U.S.C. § 12131(1) (defining public entity as "any State or local government" or instrumentality thereof); § 12181(7) (listing "private entities [] considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce").

Third, plaintiff does not specify under which provision of the ADA her claim falls, but whether she is claiming violations by a public entity or the denial of a public accommodation by a private entity, *see* Pl.'s Opp'n [Dkt. # 16] at 3, 5, her claim cannot proceed because she has not stated any facts in either the complaint or the opposition to establish that she is disabled within the meaning of the ADA. *See Singh v Geo. Wash. Univ. School of Medicine and Health Sciences*, 597 F. Supp. 2d 89, 94-95 (D.D.C. 2009) ("To show that she has a disability for purposes of the ADA, plaintiff must prove that '(1) [s]he suffers from an impairment; (2) the impairment limits an activity that constitutes a major life activity under the Act; and (3) the limitation is substantial.'") (quoting *Haynes v. Williams*, 392 F.3d 478, 481-82 (D.C. Cir. 2004) (citing § 12102(2)(A) of the ADA and construing its language that a protected disability is "a physical or mental impairment that substantially limits one or more of the major life activities of

[an] individual").[1] Fourth, this Court may, and will, decline to exercise supplemental jurisdiction over plaintiff's surviving claims arising under District of Columbia law and the common law. *See* 28 U.S.C. § 1367(c)(3) (authorizing such action when "the district court has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' Rule 12(b)(6) motion to dismiss the federal claim arising under the ADA, and it declines to exercise supplemental jurisdiction over the remaining local law claims. A separate Order accompanies this Memorandum Opinion.

*[signature]*
ROYCE C. LAMBERTH
United States District Chief Judge

DATE: September 14, 2012

---

[1] In her opposition, plaintiff adds that defendants violated 21 U.S.C. § 822 and the Eighth Amendment, Pl.'s Opp'n at 3, 4, but neither is applicable here. The Eighth Amendment applies to convicted persons, *City of Revere v. Massachusetts General Hosp.* 463 U.S. 239, 244 (1983), and 21 U.S.C. § 822, governing the registration requirements for manufacturers and distributors of controlled substances, provides no private cause of action. Furthermore, plaintiff's assertion that defendants "waived and abandoned defenses . . . with respect to . . . violations, 42 U.S.C. § 1983," Pl.'s Opp'n at 5-6, is baseless since the instant complaint was not brought under that statute, has not been amended to include a § 1983 claim, and states no facts from which such a claim may be reasonably inferred.